IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY HOLDEN, Executrix of THE ESTATE OF JOSEPH TROUP RISSER, JR., Deceased and WENDY HOLDEN, In her own Right The Cottage 19 Piping Rock Road Upper Brookville, NY 11545 | : : : : : : : | JURY DEMAND |
| VS. | : : : | NO. |
| DELORES H. FIDLER KENNETH FIDLER, w/h 334 Hawthorne Drive Lancaster, PA 17603 | : : : : | |

**PLAINTIFF'S CIVIL ACTION**
2V - Motor Vehicle Accident

**I. INTRODUCTION**

Plaintiff, Wendy Holden, Executrix of the Estate of Joseph Troup Risser, Jr., and Wendy Holden, in her own right, is an adult individual who is bringing this civil action by and through their attorney, Edith A. Pearce, Esquire and make the following statements in support of their cause of action:

**II. PARTIES**

1.  Plaintiff, Wendy Holden, Executrix, is an adult individual of the State of New York, with a residence located at The Cottage, 19 Piping Rock Road, Upper Brookville, New York. Plaintiff is the mother of Joseph Troup Risser, Jr., 21 years of age at the time of his demise, (hereinafter referred to as "Plaintiff Decedent") and is bringing this action individually and as Executrix of the Plaintiff Decedent's Estate. Plaintiff has been granted Letters of Administration by the Lancaster County Register of Wills on February 21, 2008.

2. Defendant, Delores H. Fidler, is an adult individual of the Commonwealth of Pennsylvania, residing therein with a residence located at 334 Hawthorne Drive, Lancaster, Pennsylvania.

3. Defendant, Kenneth Fidler, is an adult individual of the Commonwealth of Pennsylvania, residing therein with a residence located at 334 Hawthorne Drive, Lancaster, Pennsylvania.

**III. JURISDICTION**

4. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

5  Jurisdiction is conferred upon the Honorable Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332 and under the laws of the Commonwealth of Pennsylvania

6. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania, as the cause of action accrued in Lancaster County, Pennsylvania.

**IV. FACTS**

7. At all times herein mentioned the Defendant, Delores Fidler, operated and controlled a certain motor vehicle owned by and/or co-owned with Defendant, Kenneth Fidler, and involved in the hereinafter mentioned accident

8. At all times herein mentioned Defendant, Delores Fidler, was operating the vehicle owned by and/or co-owned with Defendant, Kenneth Fidler, with his knowledge and permission to operate same.

9. It is believed and therefore averred, that Defendant, Kenneth Fidler, negligently entrusted the above described vehicle to Defendant, Delores Fidler, despite knowledge of prior automobile accidents involving Defendant, Delores Fidler.

10. On or about May 24, 2006, Plaintiff's Decedent was operating a motorcycle, traveling westbound on Long Lane at or near the intersection with Route #3022/New Danville Pike and Route T611/Leaman Road, Lancaster, Pennsylvania. The Defendant, Delores H. Fidler, was traveling in the eastbound direction on Long Lane, when suddenly and without warning, she negligently and carelessly turned left in front of Plaintiff's Decedent, causing a collision.

11. As a result of the foregoing, Plaintiff's Decedent, Joseph Troup Risser, Jr., was thrown from his motorcycle, causing him to suffer critical injury, thereby resulting in the death of Plaintiff's Decedent, Joseph Troup Risser, Jr., on May 24, 2006. Plaintiff's damages are more fully set forth hereafter.

12. Defendant, Kenneth Fidler, knew or should have known that his wife, Defendant, Delores H. Fidler, had prior automobile accidents and of her propensities and prior actions, and yet permitted her to drive, knowing that the safety, welfare and well-being of others, particularly the Plaintiff's Decedent, Joseph Troup Risser, Jr., would likely be adversely impacted by these factors.

13. Defendant, Kenneth Fidler, knew or should have known that to allow his wife, Defendant, Delores H. Fidler, to continue to operate a motor vehicle would lead to injury to others, particularly Plaintiff's Decedent, Joseph Troup Risser, Jr.

14. Defendant, Kenneth Fidler, knew or should have known that to allow his wife, Defendant, Delores H. Fidler, to operate his motor vehicle would lead to injury to others, particularly Plaintiff's Decedent, Joseph Troup Risser, Jr.

15. As a direct and/or proximate result of the negligent and careless and/or willful and wanton actions/inactions of Defendants, Delores H. Fidler and Kenneth Fidler, jointly and/or severally, including but not limited to the above-described, Joseph Troup Risser, Jr., was subject to severe physical and mental personal injuries, including but not limited to head injury, injury to his

leg and knee, injury to his bones, muscles, skin, tissue, nerves and nervous system, and a multitude of other injuries to his person.

16. As a direct and/or proximate result of the negligent and careless and/or willful and wanton actions/inactions of Defendants, Delores H. Fidler and Kenneth Fidler, jointly and/or severally, including but not limited to the above-described, Plaintiffs' Decedent, Joseph Troup Risser, Jr., expired as a result of multiple traumatic injuries on May 24, 2006.

## COUNT I
## NEGLIGENCE - WRONGFUL DEATH

### WENDY HOLDEN, EXECUTRIX OF THE ESTATE OF JOSEPH TROUP RISSER, JR. and WENDY HOLDEN, IN HER OWN RIGHT VS. DEFENDANT, DELORES H. FIDLER, JOINTLY AND/OR SEVERALLY

17. Plaintiff incorporates the paragraphs of this Complaint, as though the same were fully set forth herein at length.

18. In her capacity as the Executrix of the Estate of Joseph Troup Risser, Jr., Plaintiff brings this civil action pursuant to the Pennsylvania Wrongful Death Act and the statutory language and related case law.

19. As set forth above, Defendant, Delores H. Fidler, negligently and carelessly and/or willfully and wantonly caused the demise of Plaintiff's Decedent, Joseph Troup Risser, Jr.

20. This civil action is brought to recover on behalf of said statutory beneficiaries and on behalf of all of those who suffered damage as a result of his death, all damages legally available under Pennsylvania state law.

21. As a direct and/or proximate result of the actions of Defendants, jointly and/or severally, as set forth above, resulting in the death of Plaintiff's Decedent, Joseph Troup Risser, Jr.,

the statutory beneficiaries and those who suffered damage as a result of his death, suffered great financial and personal loss arising from the personal familial relationships Plaintiff's Decedent had with Wendy Holden and other members of Joseph's family.

22. Plaintiff seeks on behalf of the Estate of Joseph Troup Risser, Jr., and on behalf of the said statutory beneficiaries and those who suffered damage as a result of his death, damages including but not limited to the loss of her child's consortium, companionship, support, both financial and loss of society, companionship, comfort, protection, marital care, parental care, filial care, attention, advice, counsel, training, guidance or education, loss of special relationship between mother and child and other special familial relationships, and loss of pecuniary investment in the child including child birth and rearing.

23. Plaintiff's Decedent's death and Plaintiff's damages as more fully set forth hereinafter were substantially a result of the careless, reckless, and negligent actions and omissions of the Defendant, Delores H. Fidler, jointly and/or severally, and consisted, inter alia, of the following:

    a. operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    b. operating said motor vehicle in an unsafe and unreasonable manner;

    c. failing to have said motor vehicle under proper and adequate control under the circumstances;

    d. failing to yield to oncoming traffic;

    e. operating said motor vehicle inattentively;

    f. failing to have due regard for the point and position of the Plaintiff's Decedent, Joseph Troup Risser, Jr.;

      g.      failing to stop said motor vehicle and look, prior to making a left hand turn, thereby striking the Plaintiff's Decedent, Joseph Troup Risser, Jr.;

      h.      failing to keep a proper lookout;

      i.      driving, even though it was known that Defendant, Delores Fidler, has had prior motor vehicle's accidents.

      j.      otherwise failing to exercise due care under the circumstances;

      k.      otherwise being negligent, careless and reckless in causing the aforesaid accident and the untimely death of the Plaintiff's Decedent, Joseph Troup Risser, Jr., ;

      k.      violation of the traffic laws of the Commonwealth of Pennsylvania.      .

24.      As a result of carelessness, recklessness and negligence of the Defendant as aforesaid, Wendy Holden, the Executrix surviving Plaintiff's Decedent, Joseph Troup Risser, Jr., who is entitled to recover damages for his death, sustained the following losses resulting from the death of the Decedent:

      a.      the loss of companionship of her son, Joseph Troup Risser, Jr., Plaintiff's Decedent;

      b.      funeral and medical expenses;

      c.      administrative costs, including but not limited to the costs of obtaining Letters of Administration;

      d.      pecuniary losses, including but not limited to financial contributions which the Plaintiff's Decedent would have made to the Plaintiff during the course of his remaining life expectancy;

  e. the value of loss of services which the Plaintiff's Decedent would have provided Plaintiff during the course of his remaining life expectancy; and

  f. such other legal recognized losses as have been sustained and are recoverable resulting from the death of Joseph Troup Risser, Jr., the Plaintiff's Decedent.

25. The Plaintiff's Decedent, did not bring an action for personal injuries related to this incident during his lifetime. No other action for the death of the Plaintiff's Decedent, Joseph Troup Risser, Jr., has been commenced against this Defendant.

26. It is believed and therefore averred that Defendant, Kenneth Fidler, negligently entrusted the above described vehicle to Defendant, Delores Fidler, despite knowledge of prior automobile accidents involving Defendant, Delores Fidler.

WHEREFORE, Plaintiff, Wendy Holden, Individually and as Executrix of the Estate of Joseph Troup Risser, Jr., Deceased, prays this Honorable Court enter judgment against the Defendant, Delores H. Fidler, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest and costs of suit.

## COUNT II
## NEGLIGENCE - WRONGFUL DEATH

**WENDY HOLDEN, EXECUTRIX OF THE ESTATE OF
JOSEPH TROUP RISSER, JR. and WENDY HOLDEN,
IN HER OWN RIGHT VS. DEFENDANT, KENNETH FIDLER,
JOINTLY AND/OR SEVERALLY**

27. Plaintiff incorporates the paragraphs of this Complaint, as though the same were fully set forth herein at length.

28. In her capacity as the Executrix of the Estate of Joseph Troup Risser, Jr., Plaintiff brings this civil action pursuant to the Pennsylvania Wrongful Death Act and the statutory language and related case law.

29. As set forth above, Defendant, Kenneth Fidler, negligently and carelessly and/or willfully and wantonly caused the demise of Plaintiff's Decedent, Joseph Troup Risser, Jr.,

30. This civil action is brought to recover on behalf of said statutory beneficiaries and on behalf of all of those who suffered damage as a result of his death, all damages legally available under Pennsylvania state law.

31. As a direct and/or proximate result of the actions of Defendant, jointly and/or severally, as set forth above, resulting in the death of Plaintiff's Decedent, Joseph Troup Risser, Jr., the statutory beneficiaries and those who suffered damage as a result of his death, suffered great financial and personal loss arising from the personal familial relationships Decedent had with Wendy Holden and other members of Joseph's family.

32. Plaintiff seeks on behalf of the Estate of Joseph Troup Risser, Jr., and on behalf of the said statutory beneficiaries and those who suffered damage as a result of his death, damages including but not limited to the loss of her child's consortium, companionship, support, both financial and loss of society, companionship, comfort, protection, marital care, parental care, filial care, attention, advice, counsel, training, guidance or education, loss of special relationship between mother and child and other special familial relationships, and loss of pecuniary investment in the child including child birth and rearing.

33. Plaintiff's Decedent's death and Plaintiff's damages as more fully set forth hereinafter were substantially a result of the careless, reckless, and negligent actions and omissions of the Defendant, Kenneth Fidler, jointly and/or severally, and consisted, inter alia, of the following:

a. Negligently entrusting one known to have a propensity for operating said motor vehicle at a high and excessive rate of speed under the circumstances;

b. Negligently entrusting one known to have a propensity for operating said motor vehicle in an unsafe and unreasonable manner;

c. Negligently entrusting one known to have a propensity for failing to have said motor vehicle under proper and adequate control under the circumstances;

d. Negligently entrusting one known to have a propensity for failing to yield to oncoming traffic;

e. Negligently entrusting one known to have a propensity for operating said motor vehicle in an inattentive manner;

f. Negligently entrusting one known to have a propensity for failing to have due regard for the point and position of the Plaintiff's Decedent, Joseph Troup Risser, Jr.;

g. Negligently entrusting one known to have a propensity for failing to stop said motor vehicle and look, prior to making a left hand turn, thereby striking and killing the Plaintiff's Decedent, Joseph Troup Risser, Jr.;

h. Negligently entrusting one known to have a propensity for failing to keep a proper lookout;

i, Negligently entrusting one known to have a propensity for driving, even though it was known that Defendant, Delores H. Fidler, has had prior motor vehicle accident.

  j. Negligently entrusting one known to have a propensity for otherwise failing to exercise due care under the circumstances;

  k. Negligently entrusting one known to have a propensity for otherwise being negligent, careless and reckless in causing the aforesaid accident and the untimely death of the Plaintiff Decedent, Joseph Troup Risser, Jr.;

  l. violation of the traffic laws of the Commonwealth of Pennsylvania. .

34. As a result of carelessness, recklessness and negligence of the Defendant as aforesaid, Wendy Holden, the Executrix surviving Plaintiff's Decedent, Joseph Troup Risser, Jr., who is entitled to recover damages for his death, sustained the following losses resulting from the death of the Decedent:

  a. the loss of companionship of her son, Joseph Troup Risser, Jr., Plaintiff Decedent;

  b. funeral and medical expenses;

  c. administrative costs, including but not limited to the costs of obtaining Letters of Administration;

  d. pecuniary losses, including but not limited to financial contributions which the Plaintiff's Decedent would have made to the Plaintiff during the course of his remaining life expectancy;

  e. the value of loss of services which the Plaintiff's Decedent would have provided Plaintiff during the course of his remaining life expectancy; and

  f. such other legal recognized losses as have been sustained and are recoverable resulting from the death of Joseph Troup Risser, Jr., Plaintiff's Decedent.

35. It is believed and accrued that Defendant, Kenneth Fidler, negligently entrusted the

above described vehicle to Defendant, Delores Fidler, despite knowledge of prior automobile accidents involving Defendant, Delores Fidler.

WHEREFORE, Plaintiff, Wendy Holden, Individually and as Executrix of the Estate of Joseph Troup Risser, Jr., Deceased, prays this Honorable Court enter judgment against the Defendant, Kenneth Fidler, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest and costs of suit.

### COUNT III
### NEGLIGENCE - SURVIVAL ACTION

**WENDY HOLDEN, EXECUTRIX OF THE ESTATE OF
JOSEPH TROUP RISSER, JR. and WENDY HOLDEN,
IN HER OWN RIGHT VS. DEFENDANT,
DELORES H. FIDLER, JOINTLY AND/OR SEVERALLY**

36. Plaintiff incorporates the paragraphs of this Complaint, as though the same were fully set forth herein at length.

37. This civil action is brought to recover on behalf of the Estate of Joseph Troup Risser, Jr., all damages legally recoverable.

38. As a direct and/or proximate result of the actions of Defendant, Delores H. Fidler, as set forth above, Plaintiff's Decedent, Joseph Troup Risser, Jr., suffered grievous personal physical and mental injuries, physical and mental pain and suffering and ultimately died.

39. As a direct and/or proximate result of the negligence and carelessness and/or willful and wantonness of Defendant, Delores H. Fidler, as set forth above, Plaintiff's Decedent, Joseph Troup Risser, Jr., suffered great physical and mental pain and suffering prior to his death. Plaintiff claims on behalf of the Estate of Joseph Troup Risser, Jr., damages for his pain and suffering, for his future lost earnings and earning capacity.

40. As a direct and/or proximate result of the negligence and careless and/or willfulness and wantonness of Defendant, Delores H. Fidler, as set forth above, Plaintiff was caused to incur hospital, medical and autopsy bills and expenses and funeral expenses.

41. As a direct and/or proximate result of the negligence and carelessness and/or willfulness and wantonness of Defendant, Delores H. Fidler, as set forth above, Plaintiff's Decedent, Joseph Troup Risser, Jr., suffered great mental anguish and loss of enjoyment of ordinary pleasures of life, including but not limited to loss of society, love, companionship, comfort, protection, filial care, parental care, attention, advice, counsel, training and guidance.

42. As a direct and/or proximate result of the negligence and carelessness and/or willful and wantonness of Defendant, Delores H. Fidler, as set forth above, Plaintiff's Decedent, Joseph Troup Risser, Jr., suffered loss of opportunity to grow, mature, become educated, fall in love, marry, bear children, raise children, grow old and live a full and complete life.

43. As a direct and/or proximate result of negligence and carelessness and/or willful and wantonness of Defendant, Delores H. Fidler, jointly and/or severally, The Estate of Joseph Troup Risser, Jr., Deceased, sustained the following losses:

    a. the present value of the Plaintiff's Decedent's anticipated earnings for the remainder of his life expectancy, less the cost of maintenance; and

    b. the value of Plaintiff's Decedent's pain and suffering before death.

WHEREFORE, Plaintiff, Wendy Holden, Individually and as Executrix of the Estate of Joseph Troup Risser, Jr., Deceased, prays this Honorable Court enter judgment against the Defendants, Delores H. Fidler, jointly and/or severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus interest and costs of suit.

## COUNT IV
### NEGLIGENCE - SURVIVAL ACTION

**WENDY HOLDEN, EXECUTRIX OF THE ESTATE OF
JOSEPH TROUP RISSER, JR. and WENDY HOLDEN,
IN HER OWN RIGHT VS. DEFENDANT,
KENNETH FIDLER, JOINTLY AND/OR SEVERALLY**

44. Plaintiff incorporates the paragraphs of this Complaint, as though the same were fully set forth herein at length.

45. As a direct and/or proximate result of the actions of Defendant, Kenneth Fidler, as set forth above, Plaintiff's Decedent, Joseph Troup Risser, Jr., suffered grievous personal physical and mental injuries, physical and mental pain and suffering and ultimately died.

46. As a direct and/or proximate result of the negligence and carelessness and/or willful and wantonness of Defendant, Kenneth Fidler, as set forth above, Plaintiff's Decedent, Joseph Troup Risser, Jr., suffered great physical and mental pain and suffering prior to his death. Plaintiff claims on behalf of the Estate of Joseph Troup Risser, Jr., damages for his pain and suffering, for his future lost earnings and earning capacity.

47. As a direct and/or proximate result of the negligence and careless and/or willfulness and wantonness of Defendant, Kenneth Fidler, as set forth above, Plaintiff was caused to incur hospital, medical and autopsy bills and expenses and funeral expenses.

48. As a direct and/or proximate result of the negligence and carelessness and/or willfulness and wantonness of Defendant, Kenneth Fidler, as set forth above, Plaintiff's Decedent, Joseph Troup Risser, Jr., suffered great mental anguish and loss of enjoyment of ordinary pleasures of life, including but not limited to loss of society, love, companionship, comfort, protection, filial care, parental care, attention, advice, counsel, training and guidance.

49. As a direct and/or proximate result of the negligence and carelessness and/or willful and wantonness of Defendant, Kenneth Fidler, as set forth above, Plaintiff's Decedent, Joseph Troup Risser, Jr., suffered loss of opportunity to grow, mature, become educated, fall in love, marry, bear children, raise children, grow old and live a full and complete life.

50. As a direct and/or proximate result of negligence and carelessness and/or willful and wantonness of Defendant, Kenneth Fidler, jointly and/or severally, The Estate of Joseph Troup Risser, Jr., Deceased, sustained the following losses:

   a. the present value of the Plaintiff's Decedent's anticipated earnings for the remainder of his life expectancy, less the cost of maintenance; and

   b. the value of Plaintiff's Decedent's pain and suffering before death.

WHEREFORE, Plaintiff, Wendy Holden, Individually and as Executrix of the Estate of Joseph Troup Risser, Jr., Deceased, prays this Honorable Court enter judgment against the Defendant, Kenneth Fidler, jointly and/or severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus interest and costs of suit.

**Respectfully submitted,**

**THE PEARCE LAW FIRM**

BY:_____
   **EDITH A. PEARCE, ESQUIRE**
   **Attorney for Plaintiff**