# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WENDY HOLDEN, EXECUTRIX OF THE :
THE ESTATE OF JOSEPH TROUP :
RISSER, JR, DECEASED, AND WENDY :
HOLDEN, IN HER HOW RIGHT :
        v. :
:   NO. 5:08-CV-02038-GP
DELORES H. FIDLER AND :
KENNETH FIDLER, W/H :
:
:

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

1. Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

2. Admitted.

3. Admitted.

4. Answering defendants incorporate, by this reference, paragraphs one (1) through three (3), inclusive, of their answer to plaintiff's Civil Action Complaint as fully as though the same were herein set forth at length.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted in part, denied in part. It is admitted that a collision occurred at the time and place alleged. The remaining averments are denied. To the contrary the accident was caused solely due to the negligence and recklessness of the decedent.

11. Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

12.- 16. Denied.

## COUNT I

17. Answering defendants incorporate, by this reference, paragraphs one (1) through sixteen (16), inclusive, of his answer to plaintiff's Civil Action Complaint as fully as though the same were herein set forth at length.

18. Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

19. Denied.

20.-22. Denied. The allegations contained in this paragraph are conclusions of law, and no response is required. Denied. The answering defendants have no independent knowledge of what, if any, injuries or damages the plaintiff sustained. Further, it is denied that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth in plaintiff's complaint. Furthermore, all averments are denied, and strict proof thereof is demanded at the time of trial.

23. Denied. To the contrary the decedent was the sole cause of the accident alleged.

24. Denied.

25. Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

26. Denied.

**WHEREFORE**, defendants, Delores H. Fidler and Kenneth Fidler., request that plaintiff's Complaint be dismissed with prejudice, and that judgment be entered in favor of the defendants and against the plaintiff.

## COUNT II

27. Answering defendants incorporate, by this reference, paragraphs one (1) through twenty-six (26), inclusive, of his answer to plaintiff's Civil Action Complaint as fully as though the same were herein set forth at length.

28. Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

29. Denied.

30. Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

31.-32. Denied. The allegations contained in this paragraph are conclusions of law, and no response is required. The answering defendants have no independent knowledge of what, if any, injuries or damages the plaintiff sustained. Further, it is denied that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth in plaintiff's

complaint. Furthermore, all averments are denied, and strict proof thereof is demanded at the time of trial.

33. Denied. To the contrary the accident was caused soley due to the negligence and recklessness of the decedent.

34. Denied. The allegations contained in this paragraph are conclusions of law, and no response is required. The answering defendants have no independent knowledge of what, if any, injuries or damages the plaintiff sustained. Further, it is denied that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth in plaintiff's complaint. Furthermore, all averments are denied, and strict proof thereof is demanded at the time of trial.

35. Denied.

**WHEREFORE**, defendants, Delores H. Fidler and Kenneth Fidler., request that plaintiff's Complaint be dismissed with prejudice, and that judgment be entered in favor of the defendants and against the plaintiff.

## COUNT III

36. Answering defendants incorporate, by this reference, paragraphs one (1) through thirty-five (35), inclusive, of his answer to plaintiff's Civil Action Complaint as fully as though the same were herein set forth at length.

37. Denied. The allegations contained in this paragraph are conclusions of law, and no response is required.

38.-43. Denied.

**WHEREFORE**, defendants, Delores H. Fidler and Kenneth Fidler., request that plaintiff's Complaint be dismissed with prejudice, and that judgment be entered in favor of the defendants and against the plaintiff.

## COUNT IV

44. Answering defendants incorporate, by this reference, paragraphs one (1) through forty-three (43), inclusive, of his answer to plaintiff's Civil Action Complaint as fully as though the same were herein set forth at length.

45.-50. Denied.

**WHEREFORE**, defendants, Delores H. Fidler and Kenneth Fidler., request that plaintiff's Complaint be dismissed with prejudice, and that judgment be entered in favor of the defendants and against the plaintiff.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. Section 1701 et seq. as amended (hereinafter PMVFRL). Further, the defendants hereby assert all of the defenses, limitations and immunities available pursuant to said law.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the applicable provisions of the PMVFRL, plaintiff is precluded from pleading, introducing into evidence, proving or recovering the amount of benefits paid or payable under said law.

### THIRD AFFIRAMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of the Pennsylvania Comparative Negligence Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. Section 1701 et seq. as amended (hereinafter PMVFRL). Further, the defendant hereby asserts all of the defenses, limitations and immunities available pursuant to said law.

### FIFTH AFFIRMATIVE DEFENSE

By their actions on the date, time and place stated in plaintiff's Complaint, plaintiff did assume the risk of any and all injuries and/or damages which plaintiff alleges to have suffered.

### SIXTH AFFIRMATIVE DEFENSE

If there is a legal responsibility for the damages set forth in plaintiff's Complaint, then the responsibility is that of other individuals and/or entities over whom the defendants have no control. Plaintiff's injuries and damagers as alleged were not caused in any manner whatsoever by the defendants.

**WHEREFORE,** defendants request that plaintiff's Complaint be dismissed with prejudice, and that judgment be entered in favor of the defendants and against the plaintiff.

**LAW OFFICES PHILLIPS & HUBSHMAN,**

_____**bb3370**
Brian D. Boyle, Esquire
Attorney ID 55754
Attorney for Additional Defendants, Delores H. Fidler and Kenneth Fidler, w/h

Dated:_____

# VERIFICATION

      I, Brian D. Boyle, Esquire, aver that I am the attorney for the defendants, Delores H. Fidler and Kenneth Fidler, w/h, that the averments contained in the foregoing pleading are true and correct to the best of my knowledge, information and belief; and that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

_____
BRIAN D. BOYLE, ESQUIRE


Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WENDY HOLDEN, EXECUTRIX OF THE :
THE ESTATE OF JOSEPH TROUP :
RISSER, JR, DECEASED, AND WENDY :
HOLDEN, IN HER HOW RIGHT :
    v. :
                                   : NO. 5:08-CV-02038-GP
DELORES H. FIDLER AND :
KENNETH FIDLER, W/H :
                                   :

## CERTIFICATE OF SERVICE

    I, Brian D. Boyle, Esquire, attorney for the defendants, Delores H. Fidler and Kenneth Fidler w/h, hereby certify that I caused a true and correct copy of Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses to be mailed by First Class, U.S. Mail, postage prepaid on June 10, 2008 to:

                Edith A. Pearce, Esquire
                The Pearce Law Firm
                The Law Center
                1601 Sansom Street, Suite 2C
                Philadelphia, PA  19103

                **LAW OFFICES PHILLIPS & HUBSHMAN,**


                _____**bb3370**
                Brian D. Boyle, Esquire
                Attorney ID 55754
                Attorney for Additional Defendants, Delores H.
                Fidler and Kenneth Fidler, w/h

Dated:_____