## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY HOLDEN, Executrix of the Estate of | : | Civil Action |
| Joseph Troup Risser, Jr., deceased, ET AL, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | No. 08-2038 |
| DELORES H. FIDLER, ET AL., | : | |
| Defendants. | : | |

### SCHEDULING ORDER

**AND NOW**, this 29th day of July 2008, following an Initial Pretrial Conference on July 29, 2008, **IT IS ORDERED** that the case shall proceed on the following schedule:

1.      All discovery shall proceed promptly and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by December 31, 2008.

2.      On or before January 30, 2009, Plaintiffs shall identify and submit curriculum vitae for all expert witnesses on liability and damages who have not yet been identified and shall serve Defendants with reports and/or responses to expert witness discovery for all expert witnesses on liability and damages.

3.      On or before February 20, 2009, Defendants shall identify and submit curriculum vitae for all expert witnesses on liability and damages who have not yet been identified and shall serve Plaintiffs with reports and/or responses to expert witness discovery for all such expert witnesses.

4.      Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time

required for submission of information and/or reports for expert witnesses on liability and damages, serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses.

5. Any discovery depositions of expert witnesses may be taken on or before March 20, 2009.

6. Any motions for summary judgment or Daubert motions shall be filed and served on or before April 17, 2009. Responses to any such motions shall be filed and served within the time provided under the Local Civil Rules of this Court. During the Initial Pretrial Conference, the Court directed both counsel for Plaintiff and counsel for Defendant to review the Court's General Pretrial and Trial Policies and Procedures on the Court's website in order to be familiar with the Court's requirements with respect to summary judgment motions. To that end, the Court directs the parties that, in both their submissions and responses, controlling legal opinions rendered by the United States Supreme Court and the Court of Appeals for the Third Circuit <u>shall be cited to and discussed</u>, whenever possible, to defend arguments in support of and/or in opposition to the motion for summary judgment.

Two copies of any such motions and responses shall be served on the Court (Chambers, Room 7614) when the originals are filed.

7. All parties are to prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

    a. Plaintiffs: on or before May 11, 2009.

    b. Defendants: on or before May 15, 2009.

---

Http://www.paed.uscourts.gov/documents/procedures/prapol.pdf

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 7614) when the original is filed.

8. All trial exhibits shall be marked and exchanged on or before May 15, 2009.

9. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection.

10. A final pretrial conference will be held with the Honorable Gene E.K. Pratter on May 21, 2009 at 10:00 a.m. in Chambers, Room 7614, United States Courthouse. Lead trial counsel is required to appear at the conference. If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with this case is required to appear at the conference.

11. The case will be placed on the Court's trial pool list on May 26, 2009. The case will be tried to a jury. The estimated time for trial is 4 days.

12. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel prior to trial for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

13. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of

any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections is also required.

14.     The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to Local Rule of Civil Procedure 16.1 (d)(2)(b)(2). Two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 7614) at least three (3) days before the case appears on the trial pool list. The original shall be filed with the Clerk of the Court.

15.     Unless the Court requires otherwise, at least five (5) days before the case appears on the trial pool list, each party shall submit to the Court (Chambers, Room 7614) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with pinpoint citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions in limine (excepting Daubert motions), and (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, or Sand, Modern Federal Jury Instructions is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified. If a party modifies a

model jury instruction the modification shall be set with additions underlined and deletions placed in brackets.

16.     At least five (5) days before the case appears on the trial pool list, the parties shall submit to the Court (Chambers, Room 7614) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's cause(s) of action and the essential elements of each cause of action; and, (c) a brief statement of the defense(s) and the essential elements of each affirmative defense.  The statement of the case should not exceed two (2) pages in length.

17.     At the commencement of trial, counsel are to supply the Court with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which briefly describes each exhibit.

18.     All counsel are urged to review the Court's General Policies and Procedures available on the Court's website at www.paed.uscourts.gov concerning the conduct of the trial. Any counsel desiring a hard copy of this document may call the Court's Civil Deputy, Ms. Rose A. Barber at 267-299-7350, to request a copy.

19.     All counsel shall take such steps and undertake such procedures and processes so as to assure their use in this case of the electronic docketing and document availability and retrieval systems available from the Court.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge
