## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY HOLDEN, Executrix of THE ESTATE : <br> OF JOSEPH TROUP RISSER, JR., Deceased : <br> and WENDY HOLDEN, In her own Right : <br> : <br> VS. : <br> : <br> DELORES H. FIDLER : <br> KENNETH FIDLER, w/h : | JURY DEMAND <br><br> NO. **08-2038** |

## ORDER

AND NOW this _____ day of _____, 2008, it is hereby ORDERED and DECREED, upon consideration of Defendants Delores H. Fidler and Kenneth Fidler's Motion to Dismiss and Plaintiff's response thereto, that Plaintiff's Complaint is dismissed WITHOUT prejudice and that this matter shall be transferred to the Commonwealth of Pennsylvania, Court of Common Pleas.

BY THE COURT:

_____
J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY HOLDEN, Executrix of THE ESTATE OF JOSEPH TROUP RISSER, JR., Deceased and WENDY HOLDEN, In her own Right : : : : VS. : : : DELORES H. FIDLER : KENNETH FIDLER, w/h : | JURY DEMAND NO. **08-2038** |

**PLAINTIFF WENDY HOLDEN'S, EXECUTRIX OF THE ESTATE OF JOSEPH TROUP RISSER, JR. AND IN HER OWN RIGHT, RESPONSE TO DEFENDANTS DELORES H. FIDLER AND KENNETH FIDLERS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

In lieu of facts which came to light during discovery, Plaintiff by and through her attorney, Edith A. Pearce, Esquire, hereby requests that the Complaint be dismissed without prejudice and that this Honorable Court order that the matter shall be transferred to the Commonwealth of Pennsylvania, Court of Common Pleas pursuant to 42 Pa.C.S. §5103.

In support of her Response to Defendants' Motion to Dismiss Plaintiff's Complaint, Plaintiff hereby incorporates by reference the accompanying Memorandum of Law.

                                          Respectfully Submitted

                                          s//Edith A. Pearce
                                          Edith A. Pearce, Esquire
                                          The Pearce Law Firm
                                          1601 Sansom Street, Suite 2C
                                          Philadelphia, PA 19103
                                          (215) 557-8686
                                          Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY HOLDEN, Executrix of THE ESTATE OF JOSEPH TROUP RISSER, JR., Deceased and WENDY HOLDEN, In her own Right : : : : VS. : : : DELORES H. FIDLER : KENNETH FIDLER, w/h : | JURY DEMAND NO. **08-2038** |

**PLAINTIFF WENDY HOLDEN'S, EXECUTRIX OF THE ESTATE OF JOSEPH TROUP RISSER, JR. AND IN HER OWN RIGHT, MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE TO DEFENDANTS DELORES H. FIDLER AND KENNETH FIDLERS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

I. **STATEMENT OF FACTS**

On or about April 30, 2008, Plaintiff Wendy Holden, Executrix of the Estate of Joseph Troup Risser, Jr. and in her own right, filed a Complaint against Defendants Delores H. Fidler and Kenneth Fidler.

Plaintiff retained counsel shortly before filing her Complaint as the statute of limitations quickly approached. Plaintiff's counsel filed her Complaint in the United States Federal Court for the Eastern District of Pennsylvania within the applicable statute of limitations and upon information and belief that subject matter jurisdiction existed. However, facts came to light during discovery which shows diversity does not now exist between the parties in this matter.

Therefore, Plaintiff respectfully requests that this matter be dismissed <u>without</u> prejudice and with leave of Court to refile this matter with the Commonwealth of Pennsylvania, Court of Common Pleas.

## II. ISSUE PRESENTED

**A. WHETHER PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE SO THAT IT MAY BE TRANSFERRED TO THE COMMONWEALTH OF PENNSYLVANIA, COURT OF COMMON PLEAS.**

Suggested Answer: Yes.

## III. ARGUMENT

**A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE SO THAT IT MAY BE TRANSFERRED TO THE APPLICABLE COMMONWEALTH OF PENNSYLVANIA, COURT OF COMMON PLEAS.**

In Pennsylvania, "the transfer of a matter dismissed by a federal court due to lack of subject matter jurisdiction to a court of [the] Commonwealth is governed by 42 Pa.C.S. §5103." *Perry v. Commonwealth*, 2007 WL 5234152 (Pa.Com.Pl. 2007). The statute states:

> (a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.
>
> (b) Federal cases.--
> (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa.C.S. §5103 creates a mechanism by which an action originally filed in federal court may be transferred to state court. *Perry*, 2007 WL 5234152 (Pa.Com.Pl. 2007). "The statute enables the parties to toll the statute of limitations by the date it is first filed in federal court, and then upon transfer operates to properly notify the state court as to the relevant pleadings and the final order entered in federal court." *See Id.*

Therefore, if the Court dismisses Plaintiff's Complaint due to lack of subject matter jurisdiction, Plaintiff is afforded the opportunity to transfer this action to the Commonwealth of Pennsylvania Court of Common Pleas.

## IV. CONCLUSION

WHEREFORE, in lieu of facts which came to light through discovery, Plaintiff respectfully requests that her Complaint be dismissed <u>without</u> prejudice and with leave of court for this matter to be transferred to the Commonwealth of Pennsylvania, Court of Common Pleas.

Respectfully Submitted,

s//Edith A. Pearce
Edith A. Pearce, Esquire
The Pearce Law Firm
1601 Sansom Street, Suite 2C
Philadelphia, PA 19103
(215) 557-8686
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY HOLDEN, Executrix of THE ESTATE OF JOSEPH TROUP RISSER, JR., Deceased and WENDY HOLDEN, In her own Right<br>The Cottage<br>19 Piping Rock Road<br>Upper Brookville, NY 11545<br><br>VS.<br><br>DELORES H. FIDLER<br>KENNETH FIDLER, w/h<br>334 Hawthorne Drive<br>Lancaster, PA 17603 | JURY DEMAND<br><br>NO. **08-2038** |

## CERTIFICATION OF SERVICE

I, Edith A. Pearce, Esquire, attorney for Plaintiff, state that on this date, the below-noted counsel were served with Plaintiff's Response to Defendants Dolores H. Fidler and Kenneth Fidler's Motion to Dismiss Plaintiff's Complaint via regular mail:

> J. Michael Flanagan, Esquire
> Flanagan and Associates
> 150 East Chestnut Street
> Lancaster, Pa 17602

Date: December 2, 2008

s//Edith A. Pearce
Edith A. Pearce, Esquire
The Pearce Law Firm
1601 Sansom Street, Suite 2C
Philadelphia, PA 19103
(215) 557-8686
Attorney for Plaintiff